DECISION
This matter is before the court for decision following a hearing held March 1, 2010. Plaintiff appeared on her own behalf and was aided by a Spanish interpreter provided by the court. Defendant was represented by Kevin Cole, an auditor with the Department of Revenue.
The tax year at issue is 2008 and the sole issue is whether Plaintiff is entitled to a filing status of "Head of Household."
 I. STATEMENT OF FACTS
Plaintiff filed her 2008 Oregon return with a filing status of head of household, and claiming deductions for three relatives (two nieces and a nephew) living in Mexico. Defendant adjusted Plaintiff's 2008 return, disallowing her head of household filing status and three dependent deductions for individuals living in Mexico. (Ptf's Compl at 5, 6.)
In 2008, Plaintiff lived in Boring Oregon with her boyfriend, her daughter, her daughter's husband, and her daughter's three children. Plaintiff stated during the March 1, 2010, hearing, that her daughter and husband earned "some" income in 2008, and that her boyfriend earned slightly more than she did that year. Plaintiff was not the "primary" wage earner in the household that year. *Page 2 
Plaintiff sent some money to relatives in Mexico in 2008, although, by her own admission, the amount sent was nominal both for that year and the previous year (2007) because Plaintiff had been in two car accidents that apparently limited her income those years. Plaintiff acknowledges that she did not provide more than half of the yearly support of her relatives in Mexico. Accordingly, Plaintiff is not entitled to claim those individuals as dependents on her federal or state return. Seegenerally Internal Revenue Code (IRC) § 152(d)(1)(C) (limiting the IRC section 151 personal exemption deduction to qualifying relatives "with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year * * *")[1].
 II. ANALYSIS
Oregon's "basic standard deduction" varies depending upon the taxpayer's filing status. See generally ORS 316.695(1)(c).[2]
For 2008, the basic deduction was $1,640 for an unmarried individual, and $2,640 for a taxpayer qualifying for "head of household" filing status. ORS 316.695(1)(c)(B). Thus, the head of household filing status is financially advantageous. However, a taxpayer claiming head of household must satisfy the applicable legal requirements.
ORS 316.695(1)(c)(E) provides that the term "`head of household' [shall] have the meaning given th[at] term[] in section 2 of the Internal Revenue Code." Section 2 of the Internal Revenue Code, in turn, defines "head of household" to include an unmarried individual who, for more than one-half of the taxable year, "maintains as [her] home a household which constitutes * * * the principal place of abode" of (1) their otherwise qualifying unmarried children and (2) "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151 [of the IRC]." IRC § 2(b)(1)(A). *Page 3 
Plaintiff's daughter lives in her household, but her daughter is married and for that reason cannot qualify Plaintiff for head of household filing status. IRC § 2(b)(1). Plaintiff's grandchildren live in her home, and they generally meet the relationship requirement for a dependent set forth in Internal Revenue Code section 152(a)(2) and (d)(2)(A) (defining a dependent to include "a descendant of a child.") However, according to the facts, Plaintiff was not the primary source of financial support for the household in 2008; her live-in boyfriend and both her daughter and daughter's husband worked in 2008, presumably contributing to the household finances.
In Thompson v. Commissioner, TC Summ Op 2009-197, WL 4981034 (Dec 22, 2009), the United States Tax Court, in discussing the head of household filing status, noted in a footnote that, in order to qualify, the taxpayer must have "paid over half the cost of keeping up a home ."[3] The court is aware that that decision was entered under Rule 155, and under Internal Revenue Code section 7463(b), the case may not be treated as precedent. However, the court reached a similar decision inHill v. Commissioner, TC Summ Op 2009-188, WL 4723324 at *3 (Dec 10, 2009), stating that "[t]he taxpayer is considered as maintaining a household only if the taxpayer furnishes over one-half of the cost of maintaining the household." Seealso James E. Maule, Income Tax Liability: Concepts andCalculation, 507-2nd Tax Mgmt (BNA) § II (B)(3)(e), at A-52(4) (2009) (stating that the fourth of the five requirements "is satisfied if the individual furnishes more than one-half of the cost of maintaining the household during the tax year"; citing IRC § 2(b)(1) (other citations omitted)). This court finds that to be the appropriate controlling rule in Oregon. *Page 4 
Plaintiff does not satisfy that requirement because she was only one of several wage earners in the household, and not the primary source of income for the home. Accordingly, Plaintiff is not entitled to head of household filing status.
 III. CONCLUSION
The court concludes that Plaintiff is not entitled to claim as dependents the three relatives living in Mexico because she did not provide more than one-half of their support in 2008. Additionally, Plaintiff is not entitled to head of household filing status because she did not furnish over one-half of the cost of maintaining her household in 2008, due to the presence of other wage earners in the home, including her boyfriend, who earned more than Plaintiff that year. Now, therefore,
IT IS THE DECISION OF THIS COURT that, for tax year 2008, Plaintiff is not entitled to claim the three dependents living in Mexico; and
IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff is not entitled to head of household filing status for tax year 2008.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Dan Robinsonon March 26, 2010. The court filed and entered this Decisionon March 26, 2010.
[1] All references to the Internal Revenue Code (IRC) are to the law in effect in 2008.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] Thompson, TC Summ Op 2009-197, WL 4981034 (Dec 22, 2009) n 4. *Page 1